JOHN H. POOR *et al. vs.* GEORGE H. KNIGHT *et als.*

Cumberland, 1876.—January 4, 1877.

*Poor debtor.*

Where the statute provides that the sureties in a poor debtor's bond, R. S., c. 113, § 24, may be approved in writing by the creditor; *held*, 1.   That such approval by his attorney of record is sufficient.  2. That where the firm name of the creditors was "Joseph H. Poor & Brother," and the approval was by their attorney of record in the form following: "The above bond is approved by us, Poor & Brother by T. T. Snow, attorney." It was sufficient.

A fulfillment of the first of the three conditions in R. S., c. 113, § 24, to "cite the creditor before two justices of the peace and of the quorum, submit himself to examination, and take the oath prescribed in § 30," demands that the debtor follow the statute implicitly in all its requirements.

*Thus*: where the citation did not correctly give the date of the judgment or the term of the court at which it was rendered and the certificate followed the citation in its errors and contained a new one, incorrectly stating the amount of the judgment; *held*, that the first condition was not complied with.

It would seem that either of the enumerated errors would be fatal.

In order to confer upon the defendant, in an action on a poor debtor's bond, the right to have the actual damages assessed by the jury, under R. S., c. 113, § 52, it must appear that the justices who allowed the oath had jurisdiction.

*Thus*: where the citation to the creditor, which is the foundation of the jurisdiction of the justices, did not correctly describe the judgment in the bond; *held*, in an action thereon that the court had no power under R. S., c. 113, § 52, to reduce the damages.

ON EXCEPTIONS, from the superior court.

DEBT on bond of poor debtor.

*T. H. Haskell*, for the defendants.

*T. T. Snow*, for the plaintiffs.

LIBBEY, J.    This is an action of debt on a poor debtor bond, and comes before this court on exceptions to the rulings of the justice of the superior court before whom it was tried without the aid of a jury.   The rulings excepted to are that upon the evidence in the case "neither of the alternative conditions in said bond have been proved to have been fulfilled by the debtor," and that "the evidence does not prove legal notice to the creditors of the disclosure ; and does not authorize the court to hear evidence as to the actual

damage sustained ;" and he awarded damages for the amount of the original judgment and costs. The performance relied upon by the defendants was that the debtor took the oath prescribed in R. S., c. 113, § 30, in accordance with the provisions of that chapter within six months from the date of the bond. Does the evidence in the case show a performance of this condition ? The bond was given on an execution, dated March 30, 1875, issued on a judgment recovered in the superior court at a term thereof, held on the first Tuesday of February, 1875, for $109.45 damages, and costs taxed at $13.40. The date of the rendition of the judgment was February 25, 1875.

The citation to the creditor recites that the debtor had been arrested and given bond on an execution dated March 30, 1875, issued on a judgment recovered on the 30th day of March, 1875, in said superior court, at a term thereof held on the first Tuesday of March, 1875, for the sum of $109.45 damage, and costs of court taxed at $13.40.

The certificate given to the debtor by the justice, recites the judgment as recovered at a term of said court, held on the first Tuesday of March, 1875, for $109.55 damage, and $13.40 cost.

In *Hackett* v. *Lane*, 61 Maine, 31, this court held that "the only bar to an action on a poor debtor bond is a complete fulfillment on the part of the debtor, of one of the three alternative conditions mentioned in R. S., c. 113, § 24. If the debtor would fulfill the first condition, requiring him to "cite the creditor before two justices of the peace and of the quorum, submit himself to examination, and take the oath prescribed in § 30," he must follow the statute implicitly in all its requirements. The statute, § 33, requires that the certificate delivered to the debtor by the justices, shall describe the judgment. The citation to the creditor is the foundation of the jurisdiction of the justices. Hence, it should describe the judgment on which the debtor claims to take the oath. The plea of performance of the first alternative condition in a bond given on execution issued on a judgment recovered on the 25th day of February, at a term of court held on the first Tuesday of February, for $109.45 damage, is not supported by the certificate of the oath taken on a judgment recovered on the 30th

day of March, at a term of court held on the first Tuesday of March, for 109.55 damage. The variance is material and fatal. *Garland* v. *Williams,* 49 Maine, 16. *Farrar* v. *Fairbanks,* 53 Maine, 143. *Prescott* v. *Prescott,* 62 Maine, 428. *Same* v. *Same,* 65 Maine, 478.

The evidence does not show that the debtor took the oath prescribed in § 30, on the judgment described in the bond, before two justices of the peace and of the quorum, having jurisdiction and legally competent to act in the matter, and therefore the case is not within the provisions of § 52, c. 113.

It is contended by the defendants' counsel that the bond in suit is not a statute bond, because it was not approved as required by § 24 of the statute above cited; that, it being a common law bond, evidence should have been received by the court below, as to the actual damage sustained. But we think it was approved in accordance with the requirements of the statute. If approved by the creditors in writing, it is sufficient. The approval which was indorsed upon the bond is as follows: "The above bond is approved by us. Poor & Brother, by T. T. Snow, attorney. Mr. Snow was the attorney of record in the suit. He had authority to bind the creditors as to the remedy for collecting their demand, and in the proceedings arising out of and connected with it. The arrest of the debtor, the giving of the bond and its approval, were proceedings arising out of and connected with the remedy by suit. He had authority to approve the bond by signing his own name as attorney, or by using the names of the creditors. *Gray* v. *Wass,* 1 Maine, 257. *Jenney* v. *Delesdernier,* 20 Maine, 183. *Rice* v. *Wilkins,* 21 Maine, 558. *Farnham* v. *Gilman,* 24 Maine, 250. *Phillips* v. *Rounds,* 33 Maine, 357. But it is said that the firm name of the creditors was Joseph H. Poor & Brother, and that the aproval of the bond is not by that name, but by the name of Poor & Brother. If either of the creditors had signed the approval by the name of Poor & Brother, instead of the full firm name; there can be no doubt but that it would bind them. The attorney, having full power to bind the creditors, might do so by using the name of Poor & Brother for the firm name. But if we discard the name of Poor & Brother as not representing the

creditors, though so intended, still the approval is signed by the attorney, and that is a good approval. We see no error in the rulings to which exceptions were taken. *Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.